UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARAZ SHAIRY, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>KRAB QUEENZ OF HARLEM LLC d/b/a KRAB QUEENZ, and TONIQUE CLAY, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

FARAZ SHAIRY ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against KRAB QUEENZ OF HARLEM LLC d/b/a KRAB QUEENZ ("Krab Queenz"), and TONIQUE CLAY, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a); (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), NYLL § 652(1), N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.2;  (iii) the overtime provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the overtime provisions of the NYLL, NYLL § 160, 12 NYCRR § 146-1.4; (v) the NYLL's

requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (vi) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (vii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (viii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New York limited liability company that operates a Manhattan restaurant and its owner and day-to-day overseer - - as a shift leader from on or around February 14, 2022, to July 9, 2022.  As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the minimum, overtime, or regular wages due under the FLSA and/or the NYLL.  Specifically, from the beginning of his employment until May 12, 2022, Defendants paid Plaintiff, or were supposed to pay Plaintiff, a weekly salary, which by operation of law, only covered Plaintiff's first forty hours of work in a week.  But for that time period, even though Plaintiff worked approximately ninety-eight hours per week, Defendants only paid Plaintiff for two weeks of work and for only forty hours during each of those weeks, and thus did not pay him at all, at any rate, for his remaining hours worked during that period.  Subsequently, from May 13, 2022, to the end of his employment, Defendants were supposed to pay Plaintiff on an hourly basis, but, although Plaintiff worked approximately eighty-three hours per week during that time, Defendants failed to pay Plaintiff any of his wages at all.

3.      Additionally, Defendants violated the NYLL and the NYCRR by failing to pay Plaintiff spread-of-hours pay whenever his workday exceeded ten hours from start to finish.

4.      Defendants further violated the NYLL by failing to furnish Plaintiff with any wage statement on each payday or with any wage notice at the time of his hire, let alone an accurate statement or notice.

5.      Defendants paid and treated all of their non-managerial employees, such as shift-leads, servers, runners, bussers, bartenders, line-cooks, fry-cooks, prep-cooks, boil-cooks, dishwashers, and hosts/hostesses, in this same manner.

6.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who worked for Defendants in New York and who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     At all relevant times herein, Defendant Krab Queenz was and is a New York limited liability company with its principal place of business located at 100 West 125th Street, New York, New York 10027, and an address for service of process located at 1218 Central Avenue, Suite 100, Albany, New York 12205.

12.     At all relevant times herein, Defendant Clay was and is the owner of Defendant Krab Queenz, who in this role, managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and while also delegating certain powers to managers and supervisors, was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay, paying employees, determining employees' work schedules, and maintaining employment records, including those matters with respect to Plaintiff.

13.     At all relevant times herein, both Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Defendant Krab Queenz's qualifying annual business revenue exceeded and exceeds $500,000.00.  Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and have operated a business that purchases numerous products that have moved across state lines, such as vegetables, meats, fish, spices, and general

goods.  Defendants also accept payment in cash that naturally moves across state lines, as well as credit cards that are processed by out-of-state banking companies.  The combination of all of these factors subjects Defendants to the FLSA's overtime and minimum wage requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime and minimum wage compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as shift-leads, servers, runners, bussers, bartenders, line-cooks, fry-cooks, prep-cooks, boil-cooks, dishwashers, and hosts/hostesses, or those who have worked in a similar position, and who consent to file a claim to recover overtime and minimum wage compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid at the required rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty; and (6) were not paid at least at the minimum wage rate for all hours worked.

16.     At all relevant times herein, Defendants were aware of the requirement to pay their non-managerial employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-

half times their respective regular rates of pay, or and one-half times the minimum wage rate, if greater, for all hours worked each week over forty, and at least the minimum wage rate for all hours worked, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff lodged numerous complaints to Defendant Clay that Defendants were not paying him at all for many of his hours worked, including his overtime hours worked, but Defendants continued not to pay Plaintiff overtime compensation for his hours worked over forty in a week or at least at the minimum wage rate for all hours of work.

17.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation for all hours worked per workweek above forty, or at least at the minimum wage rate for all hours of work, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19.     Under FRCP 23(b)(3), a plaintiff must plead that:

   a.   The class is so numerous that joinder is impracticable;

   b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c.   Claims or defenses of the representative are typical of the class;

   d.   The representative will fairly and adequately protect the class; and

   e.   A class action is superior to other methods of adjudication.

20.     Plaintiff seeks certification of the following FRCP 23 class:

Current and former non-managerial employees, such as shift-leads, servers, runners, bussers, bartenders, line-cooks, fry-cooks, prep-cooks, boil-cooks, dishwashers, and hosts/hostesses, or those who have worked in a similar position, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

21.     During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

22.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at least at the statutorily-required minimum wage rate or their regular rates of pay on a timely basis for all hours worked; (3) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (4) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per week over forty; (5) whether Defendants failed to pay the Rule 23 Plaintiffs spread-of-hours pay when their workdays exceeded ten hours; (6) the frequency with which Defendants paid the Rule 23 Plaintiffs their lawfully due wages; (7) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (8) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage notice at the time

of hire that contains the information that NYLL § 195(1) requires; (9) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (11) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (13) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, yet Defendants have routinely failed to: pay them at least at the statutorily-required minimum wage rate or their respective regular rates of pay for all hours worked in a timely manner; pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked in excess of forty in a week; pay them spread-of-hours pay when their workday exceeded ten hours; and provide them with an accurate wage statement on each payday or with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the proper minimum wage rate or their regular rates of pay in a timely manner for all hours worked and at the rate of one and one-half times their regular rates, or one and one-half times the minimum wage rate, if greater, for all hours worked per week in excess of forty, to receive spread-of-hours premium pay when working over ten hours, to be furnished with an accurate wage statement on each payday, and to be

furnished with an accurate wage notice at their time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

24.    Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff at the proper minimum wage or his regular rate for all of his hours worked in a timely manner, did not pay Plaintiff proper overtime pay for all of his hours worked over forty in a week, did not pay Plaintiff spread-of-hours pay when his workday exceeded ten hours from start to finish, did not furnish Plaintiff with an accurate wage statement on each payday, and did not furnish Plaintiff with an accurate wage notice upon hire, which is substantially-similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

26.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims

that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants

treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27.     Any lawsuit brought by any non-managerial employee of Defendants for the same

violations alleged herein would be identical to a suit brought by any other similar employee for

the same violations.  Thus, separate litigation would risk inconsistent results.

28.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any

other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

29.     Defendant Krab Queenz is a New York limited liability company that operates a

restaurant specializing in Louisiana influenced seafood and daiquiris, which is known to the public

as "Krab Queenz," and which is located at 100 West 125th Street in Manhattan.

30.     Defendant Clay is Krab Queenz's owner, who personally oversees the daily

operations of the restaurant and who exercises control over the terms and conditions of

employment for all of its employees, including Plaintiff, as detailed above.  Indeed, Defendant

Clay personally hired Plaintiff, set Plaintiff's pay rate, had control over Plaintiff's schedule, and

should have maintained Plaintiff's employment records.

31.     Plaintiff worked for Defendants as a shift-lead from February 14, 2022, to July 9,

2022.

32.     As a shift-lead, despite the title, Plaintiff's duties primarily included performing

general maintenance around the restaurant when necessary, serving and assisting customers,

cleaning the restaurant, assisting kitchen staff, cooking, food preparation, and handling ingredient

orders.

33.     Throughout his employment, significantly more than 25% of Plaintiff's work was spent completing manually laborious tasks, such as, e.g., preparing ingredients, cooking, cleaning the restaurant, serving food, checking food temperatures, picking up and delivering ingredient orders, and handling inventory orders as they arrived.

34.     From the beginning of his employment until May 13, 2022, Defendants required Plaintiff to work, and Plaintiff did work, seven days per week, from 10:00 a.m. to 12:00 a.m., without a scheduled or interrupted break during his shift, for a total of ninety-eight hours per week. From May 14, 2022, until the end of his employment, Defendants required Plaintiff to work, and Plaintiff did work, seven days per week, Mondays through Wednesdays from 1:00 p.m. to 10:00 p.m., and Thursdays through Sundays from 10:00 a.m. to 12:00 a.m., without a scheduled or interrupted break during his shift, and, twice per week, Plaintiff was required to spend two hours prior to the start of his shift picking up and delivering ingredients for the restaurant, for a total of eighty-seven hours per week.

35.     From the start of his employment until May 13, 2022, Defendants agreed to pay Plaintiff a weekly salary of $835.00, which by operation of law, covered only forty hours of work in a week.  However, other than one payment of $1,670.00 *via* CashApp on April 1, 2022, with a note indicating that the payment was for two weeks of work (while not specifying *which* two weeks of work it was for), Defendants paid Plaintiff absolutely nothing for any of his other hours of work during this period.

36.     Subsequently, from May 14, 2022, to the end of his employment, Defendants converted Plaintiff to an hourly employee.  However, Defendants did not pay Plaintiff any wages at all for any of his work during that period.

37.   By way of example only, for the week of February 28 through March 6, 2022, Defendants required Plaintiff to work, and Plaintiff did work, a total of ninety-eight hours, according to the following schedule, without a scheduled or interrupted break during any shift:

Monday, February 28, 2022: 10:00 a.m. to 12:00 a.m.;

Tuesday, March 1, 2022: 10:00 a.m. to 12:00 a.m.;

Wednesday, March 2, 2022: 10:00 a.m. to 12:00 a.m.;

Thursday, March 3, 2022: 10:00 a.m. to 12:00 a.m.;

Friday, March 4, 2022: 10:00 a.m. to 12:00 a.m.;

Saturday, March 5, 2022: 10:00 a.m. to 12:00 a.m.; and

Sunday, March 6, 2022: 10:00 a.m. to 12:00 a.m.

In exchange for his work that week, Defendants failed to pay Plaintiff for any of his hours worked at any rate of pay.

38.   By way of another example, for the week of May 30 through June 5, 2022, Defendants required Plaintiff to work, and Plaintiff did work, a total of eighty-three hours, according to the following schedule, without a scheduled or interrupted break during any shift:

Monday, May 30, 2022: 1:00 p.m. to 10:00 p.m.;

Tuesday, May 31, 2022: 1:00 p.m. to 10:00 p.m.;

Wednesday, June 1, 2022: 1:00 p.m. to 10:00 p.m.;

Thursday, June 2, 2022: 10:00 a.m. to 12:00 a.m.;

Friday, June 3, 2022: 10:00 a.m. to 12:00 a.m.;

Saturday, June 4, 2022: 10:00 a.m. to 12:00 a.m.; and

Sunday, June 5, 2022: 10:00 a.m. to 12:00 a.m.

In exchange for his work that week, Defendants failed to pay Plaintiff for any of his hours worked at any rate of pay.

39.     Further, Defendants frequently required Plaintiff to work shifts that exceeded ten hours from start to finish, including eleven of the fourteen shifts detailed in the prior two paragraphs, yet for each of those days, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate.

40.     Defendants were supposed to pay Plaintiff on a bi-weekly basis.

41.     Throughout his employment, Defendants failed to furnish Plaintiff with any wage statement on any payday, let alone a statement that accurately listed, *inter alia*, his actual hours worked, the dates that the payment covered, his regular and overtime rates, his regular and overtime wages owed, and any spread of hour's premiums owed.

42.     Additionally, at the time of his hire, Defendants failed to provide Plaintiff with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiff's rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

43.     Defendants' failure to provide Plaintiff with a proper wage statement or wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

44.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

45.     Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

46.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under FLSA*

47.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48.     29 U.S.C. § 206(a) prescribe a minimum wage that employers must pay to their employees for each hour worked.

49.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

50.     As also described above, Defendants failed to compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate that the FLSA requires for all hours worked.

51.     Defendants willfully violated the FLSA.

52.     At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay that the FLSA requires for all hours worked.

53.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under the NYLL and the NYCRR*

54.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55.     NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

56.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

57.     As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

58.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

59.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

60.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half time the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

62.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

63. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

64. Defendants willfully violated the FLSA.

65. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

66. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCRR*

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

69. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

70. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

71.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

72.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay All Wages on a Timely Basis in Violation of the NYLL*

73.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74.     NYLL § 191(1)(a) requires that employers pay their manual worker employees all of their earned wages on at least as frequently as a weekly basis.

75.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are manual worker employees within the meaning of the NYLL.

76.     As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, all of their wages earned on at least as frequently as a weekly basis.

77.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all earned wages to manual worker employees on at least as frequently as a weekly basis.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

78.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79.    NYLL § 652(1) and 12 NYCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

80.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees working in the hospitality industry within the meaning of the NYLL and the NYCRR.

81.    As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

82.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the then-applicable minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

83.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

84.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

86.     As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained the criteria that the NYLL requires.

87.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

**EIGHT CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

88.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

89.     NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

90.     As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at the time of hire, let alone a notice that accurately contained the criteria that the NYLL requires.

91.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

92.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b.   Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.   Designation of Plaintiff and his counsel as collective/class action representatives under the FLSA and the FRCP;

g.   Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

h.   Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i.   Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j.   Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs all other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
        October 13, 2023

                                    Respectfully submitted,

                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff*
                                    910 Franklin Avenue, Suite 200
                                    Garden City, New York 11530
                                    Tel. (516) 248-5550
                                    Fax. (516) 248-6027

                    By: _____
                                    TENZIN TASHI (5651377)
                                    ALEXANDER T. COLEMAN (AC 1717)
                                    MICHAEL J. BORRELLI (MB 8533)